UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv217-W-02
(3:09cr8-1-W)

| | |
|---|---|
| CLEVO SHUFF, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |
| ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence, filed May 3, 2011 (Doc. No. 1).

I.     **PROCEDURAL BACKGROUND**

On November 10, 2009, a jury convicted conspiring to possess with intent to distribute and to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One); it convicted him of possession of five but less than 50 grams of cocaine base with intent to distribute those substances and aiding and abetting that offense, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B) and 18 U.S.C. § 2 (Count Two); and it convicted him of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). (Criminal Case No. 3:09cr8, Doc. Nos. 12 and 43). On April 11, 2011, the Court held a sentencing hearing at the conclusion of which it sentenced Petitioner to Life imprisonment on Count One, a concurrent term of 360 months imprisonment on Count Two, and to a consecutive term of 60 months imprisonment on Count Three. (Id., Doc. No. 57). On April 15, 2011, Petitioner timely filed his Notice of Appeal to the

Fourth Circuit Court of Appeals. (Id., Doc. No. 59). On May 3, 2011, Petitioner filed the instant Motion to Vacate. (Doc. No. 1). By his Motion, Petitioner seeks to raise five claims of ineffective assistance of counsel pertaining to counsel's handling of certain evidentiary and pre-trial issues, and a claim that he was subjected to an illegal search and seizure. (Doc. No. 1 at 4-13). However, the Court has reviewed the record of this matter and discovered that Petitioner's criminal appeal still is pending with the Fourth Circuit Court of Appeals under case number 11-4426.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs, sentencing courts promptly to examine motions to vacate in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to relief, a court must dismiss the motion. Having carefully conducted the foregoing review, the Court finds that Petitioner's motion to vacate should be dismissed as prematurely filed.

## III. DISCUSSION

Absent extraordinary circumstances, which do not appear here, this Court should not consider Petitioner's § 2255 motion while review of his criminal case is pending on direct appeal. Rendelman v. United States, 2008 WL 2945559 (D. Md. July 28, 2008) (quoting Bowen v. Johnson, 306 U.S. 19 (1939)), appeal dismissed by 308 F. App'x 685 (4th Cir. Jan. 22, 2009); Rules Governing Section 2255 Proceedings, Rule 5 (advisory committee note stating that courts have held that motions to vacate are "inappropriate if the movant is simultaneously appealing the decision."). See also Robinson v. United States, 2007 WL 1468595, at *3 (N.D. W.Va. May 18, 2007) (adopting R& R dismissing § 2255 motion as premature because issues

raised therein were not "uniquely separable" from and "collateral" to those raised in pending appeal).

As was noted, Petitioner's criminal case is currently pending on appeal along with the appeals of two of his co-defendants. Petitioner has not alleged any extraordinary circumstances warranting immediate review of his habeas claims. Furthermore, while the record currently is silent as to the nature of Petitioner's appellate issues, it is conceivable that the appeal addresses matters which, at the very least, are indirectly related to one or more of the claims proposed by his Motion to Vacate. Therefore, Petitioner's Motion to Vacate should be dismissed, without prejudice, as premature. See McIver v. United States, 307 F.3d 1327, 1332 n.2 (11th Cir. 2002) (noting that "collateral claims should not be entertained while a direct appeal is pending" because the petitioner may obtain on direct review relief of a nature which renders moot the issues that he also is raising on collateral review); and United States v. Restrepo-Suares, 516 F. Supp.2d 112, 114 (D. D.C. Oct. 15, 2007) (noting that the orderly administration of criminal law precludes considering a motion under §2255 while a direct appeal is pending, absent extraordinary circumstances to warrant the simultaneous consideration) (citing Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968)).

**NOW, THEREFORE, IT IS ORDERED** that the instant Motion to Vacate (Doc. No. 1) is **DISMISSED, without prejudice,** as premature.

**SO ORDERED.**

Signed: May 3, 2011

Frank D. Whitney
United States District Judge