**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO. 3:09-CR-00008-FDW**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>) **ORDER**<br>CLEVO SHUFF, )<br>)<br>Defendant. )<br>) | |

THIS MATTER is before the Court on Defendant's Pro Se Motion to Reduce Sentence, (Doc. No. 112); two Supplemental Motions to Reduce Sentence, (Doc. Nos. 124, 125), and Defendant's Motion to Expedite Decision, (Doc. No. 128). The Government responded in partial opposition to Defendant's original pro se motion, (Doc. No. 120), and has not filed any response to the supplemental motions or the motion to expedite.

Turning first to the motion to expedite, the Court GRANTS the motion. In Defendant's motions, counsel presented arguments for a reduction relying on the Eliminating a Quantifiably Unjust Application of the Law Act of 2021, H.R. 1693 ("the EQUAL Act"). The EQUAL Act passed the House on September 28, 2021, and remains pending in the Senate. The Court notes that for *this* Defendant under *this* particular record, the Court deferred ruling on the pending motions while the EQUAL Act was pending in Congress. Defendant now seeks an expedited ruling, which the Court will allow. In so doing, the Court explicitly declines to reduce Defendant's sentence based upon pending legislation that may or may not ever be enacted. "If and when the Act is passed and enacted into law in the future, the defendant may file a motion for the court to review

1

at such time." United States v. Bells, CR No. 3:08-1264, 2022 WL 4182516, at *7 (D.S.C. Sept. 13, 2022).

Defendant Clevo Shuff seeks a reduction in his sentence under The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). The Government agrees Defendant is eligible for a reduction in his sentence and consents to a reduction in his aggregate sentence to 264 months in prison, 185% above the range advised by the Sentencing Guidelines — the same upward variance this Court imposed when reducing Shuff's sentence based on Amendment 782 to the Sentencing Guidelines. Defendant requests a reduced sentence to time-served or—in the alternative—a reduced aggregate sentence of 170 months and a reduced supervised release term of four years. In light of this request and the 194 months credited time that Defendant has already served in prison, Defendant seeks an expedited ruling on the motions to reduce sentence. For the reasons that follow, the Court GRANTS IN PART the Motion to Reduce Sentence with modification.

## I. Background

During 2008, Shuff sold at least 141 grams of crack cocaine to his associate, Julius Alexander. (Doc. No. 55). Following his arrest in October of 2008, Shuff made at least three separate phone calls in which he told the person he called that when he was arrested, "he considered shooting the arresting officers." Id.

A federal grand jury indicted Shuff and charged him with conspiring to possess with intent to distribute at least 50 grams of crack cocaine, 21 U.S.C. §§ 841(b)(1)(A), 846; possessing at least five grams of crack cocaine, 21 U.S.C. § 841(a)(1); possessing a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c); and possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). The United States filed an information under 21 U.S.C. § 851, notifying Shuff and

this Court that it intended to seek an enhanced penalty under 21 U.S.C. § 841(b)(1)(A) because Shuff had previously been convicted of three felony drug offenses. Shuff proceeded to trial, and a jury found him guilty of the drug-trafficking offenses and the section 924(c) firearm offense. (Doc. No. 43). During Shuff's trial, this Court, at the United States' request, dismissed the felon-in-possession charge against Shuff.

The probation office calculated a base offense level of 32 based on Shuff's responsibility for more a marijuana equivalency of 3,395.5 kilograms. (Doc. No. 55). The probation office also found that Shuff was a career offender and that the career-offender guideline provided for an offense level of 37. Id. Based on a total offense level of 37 and a criminal-history of VI, Shuff faced a Sentencing Guidelines range of between 360 months and life in prison for the drug-trafficking offenses. Id. Because Shuff had previously been convicted of felony drug offenses, however, Shuff faced a statutory mandatory-minimum term of life in prison for the drug-trafficking-conspiracy offense. Id; 21 U.S.C. § 841(b)(1)(A). Shuff faced a consecutive term of 60 months in prison for the section 924(c) firearm offense. Id. This Court sentenced Shuff to life in prison for the conspiracy offense, to a concurrent term of 360 months in prison for the substantive drug-trafficking offense, and to a consecutive term of 60 months in prison for the section 924(c) firearm offense. Doc. No. 57. This Court also sentenced Shuff to 10 years of supervised release. Id.

Shuff appealed his convictions and sentence, and the Fourth Circuit affirmed his conviction but vacated his sentence under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Doc. No. 76. The court held that two of Shuff's prior drug-trafficking convictions were not "felony drug offenses" under Simmons and could not serve as predicate offenses under the career-offender

3

guideline. On remand, the district court and the parties agreed that Shuff's sentence could no longer be enhanced under 21 U.S.C. § 851 nor under the career offender guideline. The Government, however, moved for an upward variance based on drug weight and Shuff's role in the offense. (Doc. No. 81). The Government asked the court to impose a 40-year sentence on Count One. Id.

Following argument, the Court adopted probation's revised guidelines calculations with a base offense level of 28 and a criminal history category of V, resulting in a range of 130 to 162 months imprisonment, plus a consecutive 60 months. (Doc. No. 84); Resentencing Tx. at 24-31 (Doc. No. 96). The Court also granted the government's motion to vary upward. The Court indicated that it believed the true drug amount was 476 grams of cocaine base, which resulted in a base offense level of 32. Id. at 52. And the Court stated it would have imposed the equivalent of two offense levels for Shuff's supervisory role in the conspiracy. Id. Under those calculations, the Court concluded Shuff's guidelines range was closer to 235 to 293 months. Id. Ultimately, the Court imposed the following sentence: 240 months on Counts One and Two, to run concurrently; 60 months on Count Three, to run consecutively; five years of supervised release on Count One; four years of supervised release on Count Two, to run concurrently; and three years of supervised release on Count Three, to run concurrently. (Doc. No. 91). The court's variance equated to 185% higher than the low end of the guideline range. (Doc. No. 109).

Later, in 2015, the Court granted Shuff's motion for relief under retroactive guideline Amendment 782. (Doc. No. 110). The court recalculated Shuff's guidelines range as 120 to 137 months. Id.; (Doc. No. 109) (calculating Shuff's revised total offense level as 27 and his criminal history category of V). The court re-imposed its 185% upward variance and sentenced and reduced

4

Shuff's aggregate sentence of 300 months to 282 months (or 222 months on Counts One and Two, plus 60 months on Count Three). Id.; (Doc. No. 109).

Shuff now seeks a reduction in his sentence under the First Step Act. Through counsel, Defendant initially requested a reduced aggregate sentence of 170 months, and in a subsequent motion that relies in part on the EQUAL ACT, S. 79, 117th Cong. (1st Sess. 2021), and updated policy guidance from the United States Attorney General, Defendant requested a reduction to time served.

## II. Analysis

Defendant seeks a reduction in his sentence under § 404 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). Section 404 of the First Step Act gives retroactive effect to the changes made by § 2 and § 3 of the Fair Sentencing Act of 2010. Section 404(b) of the Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010, (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 132 Stat. at 5222. The Fourth Circuit explained in United States v. Wirsing that this definition of "covered offense" means that "[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) . . . are eligible" for a sentence reduction under § 404 of the First Step Act, unless they have already moved for relief under § 404 or they received the benefit of the Fair Sentencing Act when they were sentenced. 943 F.3d 175, 186 (4th Cir. 2019); see also § 404(c) of the First Step Act, 132 Stat. at 5222.

Here, the parties agree Defendant is eligible for a sentence reduction, including a reduced supervised release term of four years for Count One and three years for Count Three; however,

5

they appear to disagree as to the appropriate reduced term of imprisonment. The applicable standard to review Defendant's motions to reduce sentence has been summarized by the Fourth Circuit:

> [D]istrict courts exercising their discretion under the First Step Act to proceed in two steps. First, they must recalculate the movant's Guidelines range "only to the extent it adjusts for the Fair Sentencing Act." United States v. Shields, 48 F.4th 183, 192 (3d Cir. 2022); [Concepcion v. United States, 142 S. Ct. 2389, 2402 n.6, 2403 n.8 (2022)]. Second, they may (and when raised by the parties, must) consider other legal and factual changes when deciding whether to impose a reduced sentence. Concepcion, 142 S. Ct. at 2396, 2402 n.6.

United States v. Troy, __ F.4th __, 2023 WL 2669649 (4th Cir. Mar. 29, 2023).

The parties agree to the calculation of the now-applicable guidelines range of 110 to 137 months for the drug-trafficking offenses plus a consecutive 60-month sentence for the section 924(c) firearm offense. The Court adopts Defendant's recalculation of the variance methodology applied by this Court in Defendant's prior sentencing that results in a range of 188 to 235 months, which—imposing the low end for Count 2 as the Court did previously—results in an aggregate sentence of 248 months. (See Doc. No. 124, pp. 11-12).

Section 3553(a) requires the Court to "impose a sentence sufficient, but not greater than necessary" to comply with the basic aims of the statute. After reviewing the record—including evidence of post-sentencing rehabilitation—and the parties' arguments, including those advanced by defense counsel to which the Government did not contest, (Doc. Nos. 124, 125, 128),[1] the Court finds that a reduction to 137 months for the drug-trafficking offenses is appropriate under this record. In so ruling, the Court draws particular attention to the applicable 18 U.S.C. § 3553(a) factors, including, the nature and circumstances of the offense for which Defendant is currently

---

[1] As explained earlier in this Order, the Court explicitly declines to adopt those arguments regarding the EQUAL Act.

6

incarcerated (the entirety of the record supports the conclusion that these offenses are serious in nature), underscored by Defendant's history and characteristics, including his substantial criminal history. As such, a reduced aggregate sentence of 197 months is sufficient, but not greater than necessary to reflect the seriousness of Defendant's convicted acts, afford adequate specific and general deterrence for similar conduct, and protect the public from further crimes.

### III. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motions for Reduced Sentence, (Doc. Nos. 112, 124, 125), are GRANTED, and Defendant's Motion to Expedite Decision, (Doc. No. 128), is GRANTED. Defendant's sentence is reduced to an aggregate term of 197 months and a supervised release term of four years.

IT IS SO ORDERED.

Signed: March 29, 2023

_____
Frank D. Whitney
United States District Judge